**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM DAVID WILLIS,

      Defendant-Appellant.

No. 04-5142
(D.C. No. CR-03-53-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **LUCERO** , and **MURPHY,** Circuit Judges.

William Willis appeals his sentence for unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922g(1) and 924(a)(2). Although originally indicted for being a felon in possession of a firearm, the government filed two superceding indictments that added various drug offenses to the firearms offense. As part of a pretrial agreement, Willis agreed to plead guilty to possession of a firearm and waived his appeal rights, reserving the right to appeal only ineffective

---

    \* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

assistance of counsel and sentencing matters.  In exchange, the government dismissed the other charges, and agreed that he should receive a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Before sentencing, Willis filed written objections to the pre-sentence report ("PSR")[1] and sought a downward departure for atypical conduct not accounted for under the two applicable Guideline provisions – acceptance of responsibility (U.S.S.G. § 3E1.1) and aberrant behavior (U.S.S.G. § 5K2.20).  Willis did not challenge either the base offense level or the criminal history score recommended by the PSR.  Finding that the case does not fall outside the heartland of similar cases, the district court denied the downward departure.

Willis then filed a motion seeking to have the Sentencing Guidelines declared facially unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Green, 346 F. Supp. 2d 259 (D. Mass. 2004).  Willis also made an as-applied challenge to the constitutionality of the Guidelines.      In denying Willis's motion, the district court held that the Guidelines could be applied constitutionally, and that there were "no Blakely issues" because the court was "not doing any Blakely findings."  Willis was sentenced to 33 months imprisonment, the middle of the applicable guideline range of 30-37 months, a

---

[1] The objections involved the amount of income that Willis would reasonably expect to earn after release from incarceration.  The district court did accept Willis's argument on this point and amended the PSR.

$1000 fine, and three years of supervised release.

On appeal, Willis argues that the Sentencing Guidelines are invalid or unconstitutional in their entirety, or as applied, thereby necessitating resentencing. After supplemental briefing, Willis further argues that the district court's consideration of the dismissed charges in its formulation of his sentence amounted to "a lethal cocktail" requiring a new sentencing hearing under United States v. Booker, 125 S. Ct. 738, 756 (2005). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we **AFFIRM**.

In his pre-sentencing motion challenging the Guidelines' facial constitutionality, Willis argued that because Apprendi, Ring, and Blakely[2] applied to the Guidelines, the creation of a mandatory determinate sentencing regime by the Sentencing Commission constituted an impermissible delegation of Congressional powers to the Sentencing Commission, and an impermissible exercise of judicial powers by Congress. In September 2004, the district court

---

[2] Ring v. Arizona, 536 U.S. 584 (2002) applied Apprendi v. New Jersey, 530 U.S. 466 (2000), to an Arizona law authorizing the death penalty if a sentencing judge found one or more of ten aggravating factors, and held that the defendant's constitutional rights had been violated because the judge had imposed a sentence greater than the maximum he could have imposed under state law without the challenged finding. Ring, 536 U.S. at 603-609. Blakely expanded Apprendi's holdings to a determinate sentencing system similar to the federal Guidelines, clarifying that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004) (emphasis in original).

rejected this argument, concluding that <u>Blakely</u> was not implicated because the court had not engaged in judicial factfinding that changed the upper limit of the Guideline range to which Willis was exposed.

In January 2005, the Supreme Court, in <u>United States v. Booker</u>, held that <u>Blakely</u> applies to the Sentencing Guidelines so that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. 738, 756 (2005). The court also expressly rejected the separation-of-powers argument raised by Willis in his motion. <u>See</u> <u>id.</u> at 754-755. Imposing a global remedy, the Court excised the two provisions of the Sentencing Reform Act which mandated the Guidelines application – 18 U.S.C. §§ 3553(b)(1) and 3742(e). <u>Id.</u> at 764-766. It then instructed courts to sentence in accordance with the factors listed in § 3553(a), and for appellate courts to review for reasonableness. <u>Id.</u> at 766.

In his supplemental brief, Willis contends that the district court's consideration of the dismissed charges is improper after <u>Booker</u> because such consideration is not included within the § 3553(a) factors. Willis's sentence was not enhanced based on these dismissed charges. Instead the district court noted their existence at two points during the sentencing hearing, first when he rejected

Willis's motion for a downward departure, and again when selecting a sentence from within the Guidelines range. Recognizing that this issue was not raised below, Willis argues that in light of Booker this "consideration" is plain error. We disagree.

The Supreme Court has recognized that the Sentencing Guidelines did not divest sentencing courts of their traditional discretion to consider all aspects of the criminal act at issue and to sentence a defendant accordingly. United States v. O'Flanagan, 339 F.3d 1229, 1235 (10th Cir. 2003) (citing United States v. Watts, 519 U.S. 148, 152 (1997)). "This is true if the other activities were not charged in a federal indictment, were charged in the indictment but eventually dismissed, resulted in acquittal, or if the conduct violated state criminal laws." Id. Watts was premised upon 18 U.S.C. § 3661, which the Court stated "codified the longstanding principle that sentencing courts have broad discretion to consider various kinds of information." Watts, 519 U.S. at 151. The statute states:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

§ 3661. We have held in a recent case that § 3661 "remains in full force" after Booker. United States v. Magallanez, 408 F.3d 672, 684 (10th Cir. 2005). Additionally as noted by the Court in Watts, Section 1B1.4 of the Guidelines reflects the policy set forth in 18 U.S.C. § 3661:

In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. See 18 U.S.C. § 3661.

Watts, 519 U.S. at 152. The commentary to Section 1B1.4 addresses an identical situation to that of Willis:

A court is not precluded from considering information that the guidelines do not take into account in determining a sentence within the guideline range or from considering that information in determining whether and to what extent to depart from the guidelines. For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range and may provide a reason for an upward departure.

U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1.B.1.4, cmt. background (2004). Booker specifically requires sentencing courts to "take account of the Guidelines together with other sentencing goals." See Booker, 125 S. Ct. at 744 (discussing § 3553(a)(4)). Because consideration of dismissed offenses is specifically authorized by § 3661 and by U.S.S.G. § 1B1.4, Willis's argument that these considerations are not authorized under § 3553(a) fails. We next turn to the Booker error alleged.

Booker applies to Willis's case because it was pending direct review when Booker was decided. Id. at 769; Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Because the judge did not perform any judicial factfinding in formulating Willis's

sentencing range, there was no Sixth Amendment violation. Nevertheless, the Supreme Court has instructed, "in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine." Booker, 125 S. Ct. at 769.

Because Willis raised the Blakely issues in the court below, they have been preserved for appeal, and we evaluate for harmless error. "A non-constitutional error is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990) (en banc) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)). The district court sentenced Willis under the Sentencing Guidelines, viewing them as mandatory. Booker makes clear that they are not. As a result, Willis's sentence was imposed as a result of an incorrect application of the guidelines, and is therefore error. See United States v. Labastida-Segura, 396 F.3d 1140, 1142 (10th Cir. 2005). Moreover, if a sentence was imposed either in violation of law or as a result of an incorrect application of the guidelines, then remand is required under § 3742(f)(1), unless "the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Id. at 1143 (quoting Williams v. United States, 503 U.S. 193, 203 (1992). In

Williams, the Court stated: "in determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." Williams, 503 U.S. at 203.

Willis contends that Labastida-Segura squarely controls this case because we simply do not know what the district court would have done after hearing from the parties. Labastida-Segura, 396 F.3d at 1143. The government, however, asserts that this case differs from Labastida-Segura in several respects. First, unlike Labastida-Segura, the district court rejected Willis's motion for a downward departure based on analogous atypical conduct, specifically noting that Willis had prior felony convictions, a criminal history which involved drugs, and that absent the existence of the plea agreement, Willis would have "been facing a lengthier sentence if convicted of the other counts." Finally, the government argues, Willis was sentenced in the middle of the guidelines range, rather than at the bottom of the range as was Labastida-Segura.

Because Willis can assert only non-constitutional Booker error, it is the mandatory nature of the sentencing that must be the focus of our harmless error analysis. Willis raised three points in his argument for a downward departure based on analogous factors, relying largely on United States v. Nunemacher, 362 F.3d 682 (10th Cir. 2004). He first argued that his possession of the firearm was

of limited duration because after he received it as payment for doing work he took it immediately to his brother for safekeeping and retrieved it only to consummate the sale of the weapon to a third party and did not use it or menace anyone with it. Second, Willis contended that he voluntarily terminated his possession of the firearm long before the police became aware of his possession, and cooperated with the police when they came to execute the search warrant providing information that led the police to the ultimate purchaser of the firearm. Finally Willis claimed that he had shown substantial post-offense rehabilitation by passing all drug tests and working hard for his brother as a construction worker. His brother testified that he had been an excellent worker. At sentencing however, the court decided that pursuant to U.S.S.G. § 5K2.0(c), "[t]he Court may depart only if the offender characteristics or other circumstances makes the case exceptional and each characteristic or circumstance is present to such a degree and identified in the guidelines as a permissible ground for departure, even if not ordinarily relevant to a determination of whether a departure is warranted." The district court discussed and rejected each ground presented by Willis to justify the departure and concluded that Willis's conduct did not meet that high standard. At sentencing, the government argued for a sentence at the top of the guideline range, while Willis argued for one at the bottom. The record makes clear that the district court rejected Willis's arguments that his case fell outside the heartland

on the merits, stating that "[b]ecause there are no particularly aggravating or mitigating circumstances, a sentence near the middle of the guidelines range is appropriate."

Clearly "under the new post-Booker framework, the district court is empowered with greater discretion to consider the factors provided in 18 U.S.C. § 3553(a) in determining a proper sentence." United States v. Barnett, 398 F.3d 516, 528 (6th Cir. 2005). The district court's rejection of the factors that Willis advanced under the high standard of § 5K2.0(c) does not necessarily mean that it would assign no weight to these same arguments in a purely discretionary sentencing decision. But we are also faced with the fact that, in the face of this evidence, the district court did not exercise what discretion it did possess to sentence Willis at the bottom of the applicable Guidelines range.

Thus, in our analysis of the record to determine whether the Booker error in this case was harmless, we must balance the district court's non-exercise of its existing discretion and its clear rejection that Willis's arguments met § 5K2.0's enhanced standard for a downward departure, with the inherent difficulty of predicting what weight the court would have assigned these factors in a purely discretionary regime, and the reality of the pre-Booker sentencing landscape having resulted in "no opportunity or incentive, as there is now post-Booker, for [the defendant] or the government to present evidence or arguments outside the

bounds allowed by the Guidelines." Gonzalez-Huerta, 403 F.3d at 751 (Briscoe, J., dissenting). On appeal, Willis advances no new evidence beyond that already presented to the sentencing court. We recognize the government bears the burden to demonstrate that the mandatory nature of the pre-Booker sentencing regime did not influence the district court's selection of the sentence. After carefully considering the record as a whole, in the context of the district court's rejection of Willis's downward departure motion following a full evidentiary hearing on the elements that Willis contended were relevant, and the court's decision to sentence Willis in the middle of the Guidelines range, we conclude the government has met its burden.

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge