**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN LABASTIDA-SEGURA,

    Defendant Appellant.

No. 04-1311

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 04-CR-136-D)**

Submitted on the briefs:[*]

John W. Suthers, United States Attorney and Andrew A. Vogt, Assistant United States Attorney, Denver, Colorado, for Plaintiff - Appellee.

Raymond P. Moore, Federal Public Defender and Edward A. Pluss, Assistant Federal Public Defender, Denver, Colorado, for Defendant - Appellant.

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The case therefore is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Defendant-Appellant Martin Labastida-Segura appeals from the sentence imposed upon his conviction of unlawful reentry by a previously deported alien in violation of 8 U.S.C. § 1326. The indictment alleged that Mr. Labastida-Segura, after being convicted of an aggravated felony (domestic violence), was deported from the United States, and was thereafter found in the United States on February 25, 2004, without first gaining permission from the Attorney General. Ultimately, in a plea agreement, the parties stipulated to the offense conduct as well as the prior felony, but Mr. Labastida-Segura reserved the right to challenge whether the prior felony was an aggravated felony. The government agreed that he should receive a three-level decrease for acceptance of responsibility. The PSR concluded that the prior felony was an aggravated felony.

Before sentencing, Mr. Labastida-Segura filed written objections to the PSR challenging the computation of his criminal history score. He also filed a motion seeking to have the Sentencing Guidelines declared unconstitutional based upon Blakely v. Washington, 124 S. Ct. 2531 (2004). He argued that Blakely applied to the guidelines, the unconstitutional provisions were not severable, the guidelines represented an unconstitutional delegation of Congressional power to the Sentencing Commission to define crimes, and by joining the power to define

crimes with other powers exercised by the Sentencing Commission, Congress violated separation of powers.[1] The district court overruled the objections, and in a written order concluded that, because no facts were found by a judge, no Blakely violation had occurred and the guidelines were being applied constitutionally. Mr. Labastida-Segura was sentenced to 70 months imprisonment, the bottom of the guideline range, and three years supervised release.

On appeal, Mr. Labastida-Segura argues that the Sentencing Guidelines are invalid or unconstitutional in their entirety, thereby necessitating resentencing. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we remand for resentencing.

In United States v. Booker, __ S. Ct. __, 2005 WL 50108 (2005), the Supreme Court held that Blakely applies to the Sentencing Guidelines so that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at *15. Were that the only holding of Booker,

---

[1] Mr. Labastida-Segura's unconstitutional delegation and separation of powers arguments are foreclosed by United States v. Booker, __ S. Ct. __, 2005 WL 50108, at *13-14 (2005). In view of our disposition and our grant of relief in his favor, we deny Mr. Labastidia-Segura's request to permit supplemental briefing.

this appeal would be at an end because it is clear that no Sixth Amendment violation occurred–all operative sentencing facts were admitted.

However, the Supreme Court also imposed a global remedy for the Sixth Amendment difficulties with the Sentencing Guidelines, invalidating their mandatory application and instead requiring district courts to consult them in an advisory fashion. Id. at *16 (excising 18 U.S.C. §§ 3553(b)(1), 3742(e)). That plainly did not occur in this case. Had it occurred, our task would be to determine whether the sentence is unreasonable considering the factors in 18 U.S.C. § 3553(a).

We must apply the remedial holding of Booker to Mr. Labastida-Segura's direct appeal even though his sentence does not involve a Sixth Amendment violation. Id. at * 29. The Court has indicated that harmless error may be considered in such cases (thereby obviating the need for resentencing). Fed. R. Crim. P. 52(a) provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." In the context of a misapplication of the guidelines under 18 U.S.C. § 3742(f)(1), the Supreme Court held that "once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United

States, 503 U.S. 193, 203 (1992) (citing Fed. R. Crim. P. 52(a)); see also 28 U.S.C. § 2111.

The district court plainly sentenced Mr. Labastida-Segura under the Sentencing Guidelines viewing them as mandatory. Although the Supreme Court indicated that not every guideline sentence contains Sixth Amendment error, and not every appeal requires resentencing, Booker, 2005 WL 50108, at * 29, in this case (where the error was properly preserved) we cannot conclude that the error is harmless. See United States v. Urbanek, 930 F.2d 1512, 1515-16 (10th Cir. 1991) (where court did not say whether the sentence would be the same with or without improper adjustment, remand was required). Here, where it was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture–we simply do not know what the district court would have done after hearing from the parties. Though an appellate court may judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise the district court's discretion. See Martinez v. Potter, 347 F.3d 1208, 1211-12 (10th Cir. 2003).

REMANDED.