**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL BRICENO-
ROSADO,

Defendant - Appellant.

No. 04-1345

(D. Colorado)

(D.C. No. 03-CR-553-D)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Judge, **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Miguel Briceno-Rosado ("Briceno-Rosado") pleaded guilty to illegal reentry into the United States by a previously deported alien, in violation of 8 U.S.C. § 1326. He appeals his seventy-seven-month sentence. We REMAND for resentencing.

On November 17, 2003, Briceno-Rosado was charged in a one-count indictment alleging that he was found in the United States on September 15, 2003, without first gaining the permission of the Attorney General, after being previously deported for an aggravated felony conviction.[1] Briceno-Rosado entered into a plea agreement with the government admitting the conduct charged in the indictment. In return, the government agreed to recommend a three-level decrease in his offense level, based on his acceptance of responsibility, and agreed to recommend a sentence at the bottom of the range mandated by the United States Sentencing Commission, Guidelines Manual ("Guidelines").

The Presentence Report ("PSR") concluded that the defendant's offense level was 21 and that his criminal history category was IV. The PSR recommended a sentence of seventy-seven months, the bottom of the applicable Guidelines range. Briceno-Rosado did not challenge the findings in the PSR at sentencing.

---

[1] Briceno-Rosado was previously convicted of unlawful sexual intercourse with a minor.

Prior to sentencing, however, the defendant filed a motion asking the district court to declare the Guidelines unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). [2]  At Briceno-Rosado's initial sentencing hearing on July 12, 2004, the district court determined that more analysis of the question was needed and ordered supplemental briefing.  On August 2, 2004, the district judge issued a written order denying the defendant's motion and concluding that Blakely was not implicated because sentencing Briceno-Rosado did not require him to engage in judicial fact-finding.  On August 20, 2004, the defendant was sentenced to seventy-seven months in prison, followed by three years of supervised release.  He now appeals, again arguing that the Guidelines are unconstitutional in their entirety, thereby necessitating resentencing. [3]

---

[2] When Briceno-Rosado raised Blakely both to the district court and to this court, the Supreme Court had not yet issued United States v. Booker, 125 S. Ct. 738 (2005).  However, raising Blakely is sufficient to raise an argument under Booker.  Accordingly, he has preserved an argument under both cases before the district court and before us, and we hereinafter refer to both cases.  We granted both parties permission to file supplemental briefs on the effect of Booker, although the government elected not to file one.

[3] Specifically, Briceno-Rosado contends that (1) Blakely applies to the Guidelines; (2) the unconstitutional provisions of the Guidelines cannot be severed; and (3) the activities of the Sentencing Commission in defining new crimes through enhancements violate non-delegation and separation-of-powers principles.  United States v. Booker, 125 S. Ct. 738 (2005), of course, applied Blakely to the Guidelines.  Briceno-Rosado's remaining arguments, however, are now foreclosed by Booker.  Id. at 756 (provisions of the federal sentencing statute that make Guidelines mandatory severed and excised); id. at 754-55 (holding that Mistretta v. United States, 488 U.S. 361 (1989), which upheld the delegation of

(continued...)

In Blakely , the Supreme Court reiterated the holding of Apprendi v. New Jersey , 530 U.S. 466 (2000), that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely , 124 S. Ct. at 2536 (quoting Apprendi , 530 U.S. at 490). In applying this holding to Washington state's determinate sentencing scheme, Blakely clarified that the "statutory maximum" is "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." Id. at 2537. Recently, Booker applied Blakely to the federal sentencing guidelines, rendering them advisory rather than mandatory. Booker held that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker , 125 S. Ct. at 756. Because Briceno-Rosado admitted all relevant sentencing facts, no Sixth Amendment violation occurred in this case.

That does not end our inquiry, however. In Booker , the Supreme Court also "imposed a global remedy for the Sixth Amendment difficulties with the

---

[3](...continued)
authority to the Sentencing Commission, was still valid).

-4-

Sentencing Guidelines, invalidating their mandatory application and instead requiring district courts to consult them in an advisory fashion." United States v. Labastida-Segura, No. 04-1311, __ F.3d __, 2005 WL 273315, at *1 (10th Cir. Feb. 4, 2005). In Labastida-Segura, which is nearly identical to this case, we held that we must apply this remedial holding to the defendant's sentence even though no Sixth Amendment violation was involved. Id. at *2. We also determined that while sentencing errors are harmless in some circumstances, the district court's error of sentencing Labastida-Segura while believing the Guidelines were mandatory was not harmless:

> Here, where it was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture—we simply do no know what the district court would have done after hearing from the parties. Though an appellate court may judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise the district court's discretion.

Id. Like Labastida-Segura, Briceno-Rosado was sentenced at the bottom of the sentencing range, and we likewise have no way to determine if the district judge would have imposed the seventy-seven-month sentence in light of Booker. In

fact, we discern no material difference between this case and Labastida-Segura.[4]

Accordingly, we REMAND this case for resentencing.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[4]The government has submitted a letter indicating its agreement that, in light of Labastida-Segura, this case must be remanded.