**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ESEQUEIL SALAZAR-
SAMANIEGA,

    Defendant-Appellant.

No. 04-2171

(D.C. No. CR 01-1651 JP)
(D. New Mexico)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **HOLLOWAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This is an appeal by defendant Esequeil Salazar-Samaniega of his sentence

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

following a prior remand by this court for resentencing. We again remand for resentencing.

Defendant was found guilty of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B). He was sentenced to 78 months in prison, which included an upward adjustment for obstruction of justice resulting from the district court's finding that he committed perjury at the suppression hearing. The district court reduced his sentence for acceptance of responsibility even though defendant forced the government to trial. On direct appeal, defendant contended the district court erred in enhancing his sentence for obstruction of justice under U.S.S.G. § 3C1.1, in failing to apply the "safety valve" adjustment under U.S.S.G. § 5C1.2(5), and in refusing to conclude he was a "minor" or "minimal" participant under U.S.S.G. § 3B1.2. The government cross-appealed, contending the court erred in adjusting his sentence downward for acceptance of responsibility under U.S.S.G. § 3E1.1. In his direct appeal, which challenged only defendant's sentence, this court affirmed on the issues raised by defendant, but remanded for resentencing based on the government's cross-appeal. United States v. Salazar-Samaniega, 361 F.3d 1271 (10th Cir. 2004).

On June 24, 2004, defendant was resentenced. The district court applied the sentencing guidelines and determined the adjusted guideline range was 30, the criminal history category was I, and the resulting guideline range was 97-121

2

months. The court sentenced defendant at the bottom of the range to a term of 97 months.

The United States Supreme Court filed its ruling in <u>Blakely v. Washington</u>, 128 S. Ct. 2531 (2004), on the same date that defendant was resentenced. Counsel for defendant filed a Rule 35(a) motion to correct sentence on June 30, 2004, citing <u>Blakely</u> and contending the district court had violated defendant's Sixth Amendment rights by finding defendant had obstructed justice by committing perjury. The court did not rule on the motion and defendant filed a notice of appeal challenging the sentence.

While this case was pending on appeal, the United States Supreme Court filed its ruling in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), on January 12, 2005. <u>Booker</u> held that it applied to all direct criminal appeals then pending. In response to the ruling, this court ordered the parties in this case to file supplemental briefs to address <u>Booker.</u>

The parties are in agreement that defendant has properly preserved <u>Blakely/Booker</u> error and that a remand for resentencing under our recent decision in <u>United States v. Labastida-Segura</u>, 396 F.3d 1140, 1143 (10th Cir. 2005), (applying harmless error review) is required.

Remanded for resentencing in accordance with <u>Booker</u>. The mandate shall

issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge