**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARIO MOLINA-ALCAY, a/k/a
Mario Molina,

    Defendant - Appellant.

No. 04-1449
D.C. No. 04-CR-150
D. Colo.

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Mario Molina-Alcay appeals his sentence of 18 months' imprisonment for

illegally reentering the United States after deportation in violation of 8 U.S.C.

§§ 1326(a) and 1326(b)(2). He argues that his sentence is unconstitutional in

light of United States v. Booker, 125 S. Ct. 738 (2005). We conclude that under

United States v. Labastida-Segura, 396 F.3d 1140 (10th Cir. 2005), the

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

government has not met its burden of proving that the Booker error is harmless and **REMAND** for resentencing in light of Booker.

At sentencing the district court enhanced Molina-Alcay's sentencing range eight levels for specific offense characteristics under § 2L1.2(b)(1)(C). At sentencing, Molina-Alcay objected to the application of the Guidelines to his case on the basis that they were unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004). In the context of a misapplication of the guidelines, "the Supreme Court held that 'once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.'" Labastida-Segura, 396 F.3d at 1142-43 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). As in our recent case, United States v. Medley, 03-2026, 2005 WL 914848 (10th Cir. Apr. 21, 2005), "the burden is on the government to establish harmlessness, and it has not attempted to do so." Medley 2005 WL at *3. On the contrary, the government informs us that, "in light of the panel's decision in [Labastida], the United States consents to remand for resentencing in this case." Accordingly, Molina-Alcay is entitled to be resentenced pursuant to Booker. We therefore **REMAND** his sentence to the district court with direction

2

to **VACATE** the sentence and resentence in accordance with <u>Booker</u>.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge