**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ASENCION CONTRERAS-
BUSTAMANTE, a/k/a Fabian Quezda,

      Defendant - Appellant.

No. 04-1485
(D.C. No. 04-CR-226-F)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Asencion Contreras-Bustamante ("Defendant") pled guilty to one count of

illegal reentry after deportation subsequent to a conviction for an aggravated

felony, in violation 8 U.S.C. § 1326(a) and (b)(2). At sentencing, Defendant

argued that the Supreme Court's recent decision in Blakely v. Washington, 124 S.

Ct. 2531 (2004), required the district court to hold the United States Sentencing

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Guidelines unconstitutional. The district court held that the guidelines were constitutional, and pursuant to a plea agreement, the court sentenced Defendant to 46 months in prison, the lowest possible sentence within the applicable guidelines range. On appeal, Defendant requests resentencing in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and this court's decision in United States v. Labastida-Segura, 396 F.3d 1140 (10th Cir. 2005). The Government also concedes that remand for resentencing is appropriate. For the reasons set forth below, we agree.

In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. To remedy the Sixth Amendment difficulties within the Sentencing Guidelines, the Court invalidated the guidelines' mandatory application and instead required district courts to consult them in an advisory fashion. Id. at 756 (excising 18 U.S.C. §§ 3553(b)(1), 3742(e)).

The instant case is nearly identical to our recent decision in Labastida-Segura. In that case, the Mr. Labastida-Segura was convicted of roughly the same offense as Defendant, unlawful reentry of a previously deported alien in violation of 8 U.S.C. § 1326. Labastida-Segura, 396 F.3d at 1141. Like Defendant, Mr.

Labastida-Segura challenged the constitutionality of the guidelines at sentencing and was overruled by the district judge, who found the guidelines to be constitutional. Id. at 1142. Finally, the district court in Labastida-Segura imposed the lowest possible sentence under the applicable guidelines range, just like the sentence imposed by the district court in the instant case. Id.

Even though Defendant's sentence does not involve a Sixth Amendment violation, we must nevertheless apply the remedial holding of Booker. See Labastida-Segura, 396 F.3d at 1142. Here, as in Labastida-Segura, it is clear that the district court treated the guidelines as mandatory. (R.O.A. Vol. III, at 21 ("As I indicated, I find that . . . the sentencing guidelines are constitutional and *shall* be applied in this matter." (emphasis added).) Furthermore, we cannot say that the district court's error was harmless. See Fed. R. Crim. P. 52(a). As we noted in Labastida-Segura,

> Here, where [the sentence imposed] was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture—we simply do not know what the district court would have done after hearing from the parties. Though an appellate court may judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise the district court's discretion.

396 F.3d at 1143. The instant case presents all of the same uncertainties that faced the Labastida-Segura court. In addition, our sense of what the district court

might do on remand is further complicated by the fact that the district court refused to issue an alternate sentence in the event that the guidelines were eventually declared unconstitutional.

Accordingly, we **REVERSE** the defendant's sentence and **REMAND** for resentencing in light of Booker.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge