**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERARDO RUBEN SALGADO-
HERNANDEZ,

Defendant-Appellant.

No. 05-3004

(D. Kansas)

(D.C. No. 04-CR-20103-JWL)

### ORDER AND JUDGMENT[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Gerardo Ruben Salgado-Hernandez pleaded guilty to re-entering the United States illegally following deportation for conviction of an aggravated felony, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

violation of 8 U.S.C. § 1326(a) and (b)(2). The pre-sentence report calculated a proposed imprisonment range of forty-six to fifty-seven months.

Mr. Salgado-Hernandez objected at the sentencing hearing, arguing that the sixteen-point enhancement for a prior "crime of violence" felony conviction was unconstitutional in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Prior to deportation, he was convicted in Texas state court of indecency with a child under the age of fourteen. The district court overruled his *Blakely* objection and sentenced him to forty-six months of imprisonment and three years of supervised release. When imposing Mr. Salgado-Hernandez's sentence at the low end of the Guidelines, the district court stated that "the reasons why the sentence might be higher . . . have been adequately addressed by [his counsel], and I don't find any reason to sentence the defendant any higher than the low end of the guideline range, which itself is 46 months and a rather severe punishment." Rec. vol. I, doc. 23, at 10.

While this case was pending on appeal, the United States Supreme Court filed its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). *Booker's* holdings apply to all cases on direct review. *Id.* at 769. As Mr. Salgado-Hernandez's counsel concedes, the sentence enhancement for a prior conviction does not involve a Sixth Amendment constitutional violation. *See United States v. Moore*, 401 F.3d 1220, 1224-25 (10th Cir. 2005) (holding that "the government

need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury," and "determining whether a given felony constitutes a 'violent felony' is a question of law and not fact"). Like the petitioner in *Moore*, Mr. Salgado-Hernandez does not contend that the district court, when deciding if the prior conviction constituted a violent felony, improperly looked beyond the charging document under *Shepard v. United States*, 125 S. Ct. 1254 (2005). *See Moore*, 401 F.3d at 1225 n.2.

However, in light of *Booker*, the "sentencing court [] err[ed] by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). Because Mr. Salgado-Hernandez raised the *Blakely* objection below, we review the sentencing error for harmlessness. *United States v. Labastida-Segura,* 396 F.3d 1140, 1143 (10th Cir. 2005).

This court has determined that where a defendant preserves a non-constitutional *Booker* error and the district court, viewing the Guidelines as mandatory, sentenced him at the bottom of the applicable Guidelines range, we cannot conclude that the error was harmless:

> [W]here it was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture–we simply do not know what the district court would have done after hearing from the parties. Though an appellate court may

judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise the district court's discretion.

*Id*. Based on *Labastida-Segura*, the government does not argue harmless error and agrees with Mr. Salgado-Hernandez that this case should be remanded for resentencing. Aple's Br. at 5.

Accordingly, we REMAND to the district court for resentencing in compliance with *Booker*.

Entered for the Court,


Robert H. Henry
Circuit Judge