**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN EDWARD COLE,

Defendant-Appellant.

No. 04-3402
(D.C. No. 04-CR-10044-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO, McCONNELL** and **TYMKOVICH,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

The defendant entered a guilty plea to conspiracy to being a felon in

possession of a firearm. The plea agreement contains a waiver of appellate

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

rights, limited by the defendant's reservation of the right to appeal the denial of his motion to suppress and the imposition of a four-level sentence enhancement for possession of a firearm during the commission of another felony. The plea agreement states:

> **<u>Waiver of Appeal and Collateral Attack.</u>**
> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence. *However, the defendant may appeal the denial of the defendant's Motion to Suppress heard May 21, 2004, and if the defendant receives a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), he may appeal the four level enhancement.*
>
> The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court with the exceptions listed above. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255. However, if the United States exerc

2

ises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as autho

3

rized
by
Title
18,
U.S.
C. §
3742(
a).

Plea Agreement, at p. 4 (emphasis added).

The defendant argued in the district court that the imposition of the four-level enhancement recommended in the presentence report would violate *Blakely v. Washington,* 542 U.S. 296 (2004). He also moved to withdraw his plea, arguing that he did not voluntarily agree to the facts set out in the plea agreement which form the basis for the enhancement. The district court denied the motion to withdraw the plea, concluding, after an extensive colloquy with the defendant, that the defendant voluntarily admitted the underlying facts. The court also rejected the contention that the enhancement would violate *Blakely*, again because the defendant had voluntarily admitted the underlying facts.

The resulting guideline range was 84 to 105 months, and the court imposed a sentence at the low end, 84 months.

In this appeal, the defendant challenges the four-level enhancement

under *United States v. Booker*, 125 S.Ct. 738 (2005).[1]  (He does not challenge the denial of his motion to suppress.)  He contends, that without *Booker*, his argument regarding the imposition of the enhancement could not be considered by the district court because of the mandatory nature of the guidelines.

The government filed a motion to enforce the plea agreement after the defendant filed his opening brief.  The government argues that the appeal is within the scope of the waiver.  After receiving the defendant's response, we referred the government's motion to the merits panel and ordered briefing on the merits.  We now hold, after reviewing the motion, the response and the parties' merits briefs, that the waiver is not enforceable as to the appeal of the four-level enhancement.

The defendant argues, among other things, that the preservation of his right to appeal the four-level enhancement is broad enough to include his *Booker* claim.  The government, in turn, contends that the appeal of the enhancement is within the scope of the waiver because, under *United States v. Green*, 405 F.3d 1180 (10th Cir. 2005), a *Booker* issue is not preserved

---

[1] This court "must apply the holdings in *Blakely* and *Booker* to all cases in which a defendant properly raised an issue under either case." *United States v. Clifton*, 406 F.3d 1173 n.1 (10th Cir. 2005).

5

by preserving appeal of a sentencing enhancement as an exception to a broadly worded appellate waiver. We agree with the defendant.

Unlike *Green*, here the defendant's *Booker* argument, that the district court improperly applied the guidelines in a mandatory fashion, is intertwined with the reserved issue - the imposition of the four-level enhancement.

Moreover, this court strictly construes appeal waivers, and any ambiguities will be read against the government and in favor of a defendant's appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Accordingly, the defendant's appeal of the imposition of the four-level enhancement is beyond the scope of the waiver.[2]

As to the merits of the appeal, this court reviews the district court's non-constitutional *Booker* error for harmless error. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005). The defendant is entitled to a remand for resentencing since the district court sentenced the defendant to the lowest possible sentence under what it considered to be

---

[2] In the district court the defendant also challenged the addition of two criminal history points for being on probation at the time of the instant offense. To the extent the defendant may be appealing the computation of his criminal history score, that issue is precluded by the appellate waiver.

mandatory guidelines. *Id*. at 1143 (holding that a sentence at the bottom of the guidelines range demonstrates that the error is not harmless and warrants a remand for resentencing). The government admits that if this court concludes that the waiver should not be enforced that remand for resentencing is appropriate.

Accordingly, the government's motion to enforce the plea agreement is denied as to the appeal of the imposition of the four-level enhancement and granted as to the calculation of the defendant's criminal history, and the matter is **REMANDED** for resentencing. The defendant's request that the district court be ordered to attach a copy of its determinations to the

presentence report is denied as moot. The mandate shall issue forthwith.

Entered for the Court

Per Curiam