**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUDOLPH THOMAS JIMENEZ,

Defendant - Appellant.

No. 17-1190
(D.C. No. 1:16-CR-00258-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**<sup>*</sup>

_____

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **McHUGH**, Circuit Judges.

_____

Rudolph Jimenez appeals his sentence and argues his prior conviction for

attempted sexual assault does not qualify as a crime of violence under the U.S.

Sentencing Guidelines. Because we agree with the government that any error was

harmless, we affirm.

\* \* \*

Jimenez pleaded guilty to a firearms possession charge under 18 U.S.C.

§ 922(g)(1). At sentencing, the district court considered whether Jimenez's prior

_____

<sup>*</sup> This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Colorado conviction for attempted sexual assault increased his base offense level under the Guidelines' crime-of-violence provisions. *See* USSG §§ 2K2.1(a), 4B1.2(a)(2). The Guidelines define a "crime of violence" to include "a forcible sex offense," and the commentary to the Guidelines explains that a "[c]rime of violence . . . include[s] . . . attempting to commit such offenses." *Id.* § 4B1.2(a)(2) & comment (n.1). After hearing Jimenez's arguments, the district court concluded his conviction for attempted sexual assault fit the guidelines definition of a crime of violence. The court then sentenced Jimenez to the minimum of the resulting guidelines range—30 months—but explained that even if the guidelines range were lower, the court would have varied upward to 30 months.

Jimenez argues his prior state conviction for attempted sexual assault does not constitute a crime of violence under the Guidelines. Jimenez concedes sexual assault qualifies as a crime of violence. He argues instead that Colorado's statutory definition of "attempt" is broader than the generic definition of attempt used in the Guidelines' crime-of-violence provision.

We find it unnecessary to address that issue. Even if the district court made a mistake in calculating the guidelines range, we can affirm if we are confident the district court would have entered the same sentence under the correct range. *United States v. Snowden*, 806 F.3d 1030, 1034 (10th Cir. 2015); *United States v. Sanchez-Leon*, 764 F.3d 1248, 1265 (10th Cir. 2014). "The

Government has the burden of establishing by a preponderance of the evidence that the district court's procedural miscues were harmless." *United States v. Kieffer*, 681 F.3d 1143, 1169 (10th Cir. 2012).

Usually, when the guidelines range changes, "we simply do not know what the district court would have done." *Id.* at 1169 (quoting *United States v. Labastida–Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005)). And even when the district court explicitly states it would have issued the same sentence had its guidelines range calculation been different, we do not find its error was harmless if the court fails "to explain the reasoning behind" imposing the same sentence under a different range. *See Sanchez-Leon*, 764 F.3d at 1265. "[B]oilerplate remark[s] to avoid reversal" are not enough. *Snowden*, 806 F.3d at 1036.

By contrast, when the district court clearly spells out reasons why it would impose the same sentence even if its range calculation were different, and no one contends the alternative rationale is impermissible, then any error is harmless. *See id.*; *Sanchez-Leon*, 764 F.3d at 1265.

Jimenez argues that but for the district court's decision that his prior conviction was a crime of violence, his guidelines range would have been 15–21 months. The district court actually found the range was 30–37 months and applied a sentence of 30 months. Since the district court applied a sentence at the bottom of the allegedly erroneous range, Jimenez contends the district court would likely have handed down a lower sentence had it been considering a lower

range. He also suggests the district court's stated rationale—namely, its description of the gravity of Jimenez's prior offenses—is inconsistent with the fact the district court sentenced Jimenez at the lower end of the guidelines range.

But as the government points out, the district court was emphatic it would have rendered the same sentence even if the guidelines range were lower. After describing all of Jimenez's prior convictions, the district court explained:

> If my reasoning is wrong, and this crime is not a crime of violence, and the guideline range were lower, I would vary up, for the reasons I have specified, to a 30-month detention. And I do so because of the seriousness of the offense; the fact that despite how bright and able Mr. Jimenez is, he routinely and repeatedly breaks rules; and his conduct in this case since the beginning of the case is indicative of that.
>
> So respect for the rule of law requires deterrence, as does protecting the public from the many situations in which he has driven unlawfully, he has used inappropriate force, and he has inappropriately used alcohol without permission.
>
> It's therefore my intention to impose a sentence of 30 months of incarceration, followed by three years of supervised release.

R., Vol. III at 89–90.

The court thus "unequivocally stated that it would impose the same sentence even if 30 months exceeded the correct guideline range." *See Snowden*, 806 F.3d at 1031. When the court expresses itself this clearly, there is little reason to doubt what it would do on remand. And in this case we have all the more reason to believe the court. Not only had the court rejected a stipulated sentence of 24 months in the defendant's Rule 11(c)(1)(C) agreement with the

government because it was too low, R., Vol. III at 77–78, but the government had also specifically asked the district court to vary its sentence upward to 30 months if it found a lower range applicable, R., Vol. III at 71. In light of these clear indications the court would have rendered the same sentence regardless of how it resolved the crime-of-violence issue, we hold any error was harmless.

Jimenez also suggests the district court inappropriately characterized some of his prior convictions as acts that involved "violence." *See* R., Vol. III at 89–90. But in those instances, the district court judge was not conducting a formal crime-of-violence determination, just describing the convictions as she saw them. And in any event, Jimenez does not argue—nor do we think he would be successful in arguing—that this informal characterization was a clearly erroneous factual determination that affected his sentence.

We therefore **AFFIRM**.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge