**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VIRGIL TOM, also known as Virgil
Christopher Tom,

    Defendant-Appellant.

No. 04-4213
(D.C. No. 2:03-CR-1013-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Virgil Tom appeals his sentence for unlawful possession of a firearm by a convicted felon. 18 U.S.C. § 922(g). He argues that his sentence was imposed in violation of United States v. Booker, 125 S.Ct. 738 (2005). Because any Booker error was harmless, we **AFFIRM** Tom's sentence.

Tom's base offense level was dictated by U.S.S.G. § 2K2.1(a)(4), which

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

establishes a base offense level of 20 for a violation of § 922(g) if the defendant has a previous felony conviction for either a crime of violence or a controlled substance offense. In an Attachment for Sentencing, Tom argued below that Blakely v. Washington, 124 S.Ct. 2531 (2004), forbade the court from using his prior felony conviction to establish his base offense level. The sentencing court, however, adopted a base offense level of 20, subtracted three levels for acceptance of responsibility, and settled on an offense level of 17. Due to an extensive history of violent and non-violent offenses, Tom faced a criminal history category of VI, which, when combined with an offense level of 17, established a Guidelines range of 51-63 months.

Tom's counsel advocated for a sentence at the low end of the range, citing Tom's status as a husband and father, his ongoing drug rehabilitation efforts, and his thorough acceptance of responsibility. Complying with its plea agreement, the government also asked for a sentence at the low end of the range. Despite the uncontested request for a sentence of 51 months, the court sentenced Tom at the top of the range to 63 months' imprisonment. In support of its sentencing decision the court stated: "I recognize, just looking through this report several times, Mr. Tom is a very violent man. He's done a lot of damage. And I think he needs some time to, if he can, get his life together, to do it, and society needs some time away from him."

On appeal, Tom argues that his sentence violates Booker because he did not admit that he had a prior conviction for a qualifying felony and thus the district court increased his sentence based on a fact that it alone found, in contravention of Tom's Sixth Amendment rights. Tom's argument founders on our recent holding that "the 'fact' of prior convictions . . . need not be charged in an indictment and proven to a jury." United States v. Moore, 401 F.3d 1220, 1223 (10th Cir. 2005). A district court does not violate the Sixth Amendment when it increases a defendant's punishment based on a finding of a prior conviction.

We have held, however, that a district court commits non-constitutional Booker error "by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely . . . upon the fact of a prior conviction." United States v. Gonzalez-Huerta, 403 F.3d 727, 731-732 (10th Cir. 2005). Because Tom raised Blakely error below, we review his sentence for harmless error. See United States v. Labastida-Segura, 396 F.3d 1140 (10th Cir. 2005). Under harmless error review, "any error . . . that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).

The district court's error in using the Guidelines in a mandatory fashion does not violate Tom's substantial rights. After receiving several arguments in mitigation and a request for a sentence at the bottom of the range, and hearing no

3

objection from the government, the court proceeded to sentence Tom at the very top of the Guidelines range. The court cited as its reasons Tom's violent criminal history, his need for rehabilitation, and society's need to be protected from him. If anything, the record reveals that the mandatory nature of the Guidelines constrained the court from imposing a higher sentence. It is clear that, had the court operated as if the Guidelines were advisory only, Tom would not have received a more lenient sentence. We therefore conclude that the non-constitutional Booker error in this case is harmless. Accordingly, we **AFFIRM** the sentencing order entered by the district court.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge