**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO NUNEZ-ONTIVEROS,

Defendant-Appellant.

No. 04-3398
(District of Kansas)
D.C. No. 04-10122-01 JTM

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **TYMKOVICH**, Circuit Judges.

---

The defendant pled guilty to illegal reentry by an alien deported subsequent to a conviction for an aggravated felony. On appeal, he challenges a 16-level enhancement based on a prior conviction imposed by

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court. He argues that under *United States v. Booker*, 125 S.Ct. 738 (2005), the district court erred in believing that the Sentencing Guidelines are mandatory, and that under *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004), a prior conviction may not be used to support a sentence enhancement unless it is admitted by the defendant or proven beyond a reasonable doubt. We vacate the defendant's sentence and remand.

The first issue we address is the government's motion to enforce the appellate waiver in the plea agreement. The plea agreement contained the following waiver of appellate rights:

> **7. Waiver of Appeal and Collateral Attack**. *With the exception noted below*, defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction herein or a sentence imposed that is within the guideline range determined appropriate by the court. The defendant also waives any right to modify, change or challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to

2

appeal the conviction and sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The exception to this waiver of appellate rights is that if the sentencing court determines that the defendant is subject to the 16-level enhancement of U.S.S.G. § 2L1.2(b)(1)(A), the defendant reserves the right to a direct appeal of that determination. *To the extent such an appeal requires the defendant to argue that the Blakely v. Washington case discussed below in Paragraph 8 precludes the 16-level enhancement, the parties agree that he hereby reserves his right to do so.*

8. **Waiver of *Blakely* rights**. The defendant agrees to waive any rights that may have been conferred under *Blakely v. Washington*, 2004 WL 1402697 (June 24, 2004), and agrees to have the sentence in his case determined under the U.S. Sentencing Guidelines (Guidelines). The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees the facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

(Emphasis added.)

The presentence report included a 16-level enhancement under § 2L1.2(b)(1)(A)(vii) because the defendant had previously been convicted of transporting illegal aliens. The defendant objected to the enhancement, arguing that the prior conviction had not been charged in the indictment or proven to a jury beyond a reasonable doubt, as required by *Blakely*. He did admit that he was subject to a 12-level enhancement for a sentence of probation he had received following a prior conviction for the sale of cocaine.

The court rejected the defendant's argument because the objection dealt with a prior conviction and therefore was not within the scope of *Blakely*. The resulting sentencing range was 46 to 57 months. The court sentenced the defendant to 46 months.

The government contends that the appellate waiver meets the requirements of *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) ("the court of appeals, in reviewing appeals brought after a defendant has entered into an appeal waiver, determine[s]: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein."), and that both issues are precluded by the appellate

waiver.

However, after reviewing the plea agreement, we conclude that the waiver is not enforceable at all because the waiver provisions are unclear. These ambiguities are to be read in the defendant's favor. *See Hahn*, 359 F.3d at 1325 ("In determining a waiver's scope, we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.") (internal quotation omitted). Accordingly, we conclude that the defendant is not bound by the appellate waiver.

The district court committed non-constitutional *Booker* error by sentencing the defendant through mandatory application of the guidelines. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005), *cert. denied*, ___ S.Ct. ___, No. 05-6407, 2005 WL 229216 (Oct. 17, 2005). Because the defendant raised *Blakely* in the district court, we review for harmless error. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (noting that a *Blakely* objection is sufficient to preserve a non-constitutional *Booker* error).

Fed. R. Crim. P. 52(a) provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The error is harmless if it "did not affect the district court's selection of the

5

sentence imposed." *Labastida-Segura,* 396 F.3d at 1143 (citation and quotation omitted). The government has the burden of demonstrating that the defendant's substantial rights were not affected, which does not require proof that the invalid factor was determinative in arriving at the sentence. *Williams v. United States*, 503 U.S. 193, 203 (1992).

The facts here are similar to those in *Labastida-Segura*. In that case, the defendant was convicted of the same offense as the defendant, unlawful entry of a previously deported alien. Like the defendant here, the defendant challenged the constitutionality of the Guidelines at sentencing and was overruled by the district judge, who found the Guidelines constitutional. In addition, the district court, as here, imposed the lowest possible sentence under what it considered to be mandatory Guidelines. We held that the district court's error was not harmless and warranted a remand for resentencing.

> Here, where [the sentence imposed] was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture--we simply do not know what the district court would have done after hearing from the parties. Though an appellate court may judge whether a district court exercised its discretion (and whether it abused that discretion), it cannot exercise

6

the district court's discretion.

396 F.3d at 1143.

We are left with the same situation as in *Labastida-Segura*. Accordingly, as in *Labastida-Segura*, we hold that the error was not harmless, and remand for re-sentencing.

The defendant also argues that, under *Booker,* the nature of his prior conviction used to enhance his sentence must be either admitted or proven beyond a reasonable doubt. This contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005) ("[W]e are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* and extended to the Guidelines in *Booker* remains good law.").

For the foregoing reasons, we **VACATE** the defendant's sentence and **REMAND** the case to the district court for resentencing in accordance with *Booker*.

Entered for the Court
PER CURIAM