**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE JAVIER LOZA,

     Defendant-Appellant.

No. 05-3453
No. 05-3454

(D.C. No. 03-CR-10122-01-WEB)
(D.C. No. 04-CR-10047-01-WEB)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

Jose Javier Loza appeals his sentence of 78 months, contending that the

district court erred in declining to reduce his offense level for acceptance of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

responsibility pursuant to § 3E1.1 of the 2003 edition of the United States Sentencing Guidelines ("U.S.S.G").  Although the court had enhanced his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1, Loza seeks a remand for resentencing for a term not to exceed the statutory mandatory minimum of 60 months.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm Loza's sentence.

I.

Loza was indicted for possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 841.  United States v. Loza, No. 03-CR-10122-01-WEB (D. Kan. filed July 1, 2003).  Loza was released on bond, but he failed to appear, and he fled to Mexico where he remained for six months.  On February 19, 2004, the United States Marshals Service arrested Loza when he attempted to reenter the United States from Mexico.  Loza was subsequently indicted for failing to appear in court in violation of 18 U.S.C. § 3146(a)(1).  United States v. Loza, No. 04-CR-10047-01-WEB (D. Kan. filed Mar. 9, 2004).

Loza pleaded guilty to both charges.  The Presentence Investigation Report ("PSR") calculated Loza's total offense level of 28 and his criminal history category of I, which corresponds to a sentencing range of 78-97 months.  The PSR recommended a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  The PSR recommended against a reduction for acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1.  Loza objected to the PSR.

On September 13, 2004, the district court sentenced Loza to 78 months' imprisonment, denying a reduction of offense level for acceptance of responsibility.

Loza appealed his sentence, and we remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005), because the district court applied the Guidelines as mandatory.  United States v. Loza, 147 Fed. Appx. 739, 741 (10th Cir. 2005).  We did not address Loza's argument regarding the district court's denial of a reduction for acceptance of responsibility.

On November 14, 2005, the district court resentenced Loza, and it filed a memorandum and order on November 16, 2005.[1]  The district court sentenced Loza to 78 months' imprisonment.  From the district court's memorandum, we know that the district court found that there was some evidence that Loza accepted responsibility because he entered a guilty plea and truthfully admitted his offense conduct.  The district court also found that Loza sought to avoid

---

[1] In the record on appeal, Loza designated the district court's memorandum and order, but he did not designate a transcript of the resentencing hearing.  The government observed that the "defendant has not designated a transcript of the re-sentencing hearing as part of the record before this Court."  Aple. Br. at 3 n.1. Loza's failure to supply the necessary record provides an alternate basis for affirming the sentence.  See 10th Cir. R. 10.3(B).  Our rules required Loza to provide a copy of the transcript from the resentencing hearing.  See 10th Cir. R. 10.3(D)(1).  Although Loza designated the district court's memorandum for the record, the resentencing transcript is also an essential part of the record.

responsibility by fleeing to Mexico and remaining a fugitive for six months until he was apprehended at the border when trying to reenter the United States. The district court concluded that Loza's conduct in fleeing and remaining a fugitive until apprehended outweighed his subsequent "acceptance of responsibility" as evidenced by his guilty plea. As a result, the court further concluded that this was not an extraordinary case for applying both a reduction for acceptance of responsibility and an enhancement for obstruction of justice.

II.

After Booker, we review the district court's factual findings at sentencing for clear error and its legal conclusions regarding the application of the Guidelines de novo. E.g., United States v. Wolfe, 435 F.3d 1289, 1295 (10th Cir. 2006). If we conclude the district court correctly determined the relevant guideline range, and if the defendant is subsequently sentenced to a term of imprisonment within that range, the sentence imposed is subject to a rebuttable presumption of reasonableness when reviewed on appeal. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).

*A. Constitutional Booker error*

Loza argues that the district court violated his Sixth Amendment rights by making factual findings at sentencing without a jury determination. Loza's argument is without merit.

After Booker, a district court may make factual findings when addressing

- 4 -

requests for sentence adjustments, so long as the court does not view the Guidelines as mandatory.  E.g., United States v. Visinaiz, 428 F.3d 1300, 1316 (10th Cir. 2005), cert. denied, 126 S. Ct. 1101 (2006).  In this case, the district court regarded the Guidelines as advisory, and it considered the sentencing factors in 18 U.S.C. § 3553(a).  Thus, the district court did not commit constitutional Booker error, and its judicial fact-finding concerning acceptance of responsibility is permissible.

*B. Reduction of offense level for acceptance of responsibility*

Loza next argues that the district court erred in denying a reduction of offense level for acceptance of responsibility.  The district court's finding that Loza did not accept responsibility was not clearly erroneous.

A reduction for acceptance of responsibility is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1.  "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.  There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."  U.S.S.G. § 3E1.1, cmt. 4 (2003) (emphasis added).

While we have recognized the exception for extraordinary cases, we give "great deference" to the district court's determination whether a defendant accepted responsibility.  U.S.S.G. § 3E1.1, cmt. 5 (2003) ("The sentencing judge

- 5 -

is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review."); United States v. Hawley, 93 F.3d 682, 689 (10th Cir. 1996).  Given our great deference to the district court's findings regarding acceptance of responsibility, "[w]e have continually upheld a district court's refusal to grant an acceptance of responsibility adjustment where the defendant's actions merited an enhancement for obstruction of justice."  United States v. Proffit, 304 F.3d 1001, 1009 (10th Cir. 2002) (citing seven cases).

Loza contests the district court's findings concerning acceptance of responsibility, advancing nine reasons why his case is extraordinary:

1. The conduct resulting in the obstruction enhancement occurred before plea to either case.

2. At the time of the stop, Mr. Loza gave Trooper Rule the material information he had regarding his transportation of the marijuana.

3. Mr. Loza accepted responsibility for the marijuana charges in all respects, (except for his failure to appear).

4. Mr. Loza accepted responsibility for his absconding at the first opportunity by agreeing to plead in order to allow Ms. Schmidt to represent him on both cases.  The Government knew nearly from inception of Case Two that it would not have to prepare for any motions or a trial on Case Two.

5. The Government knew before the Suppression Hearing on Case One that if Mr. Loza lost his motion, it would not have to prepare for trial.  Had Mr. Loza won the Suppression motion, the Government would have had no trial preparation.  Either way, the Government had no reasonable expectation that Mr. Loza's case was proceeding to trial.

6. Mr. Loza lost the Suppression Motion and immediately communicated his desire to plead guilty as charged and as previously represented to the Government. He did not even ask the Government for a plea agreement. He did not contractually waive any of his constitutional rights.

7. Mr. Loza never asked the Government for any accommodation as to charges or downward departures in sentencing.

8. Mr. Loza has virtually no criminal history prior to this encounter.

9. Mr. Loza offered to be debriefed by Government authorities.

Aplt. Br. at 14-15.

After full review of the district court's rulings and the factual context within which it made those rulings, we will not disturb the district court's conclusion that this was not an extraordinary case warranting a reduction for acceptance of responsibility since Loza received an enhancement for obstruction of justice. Some of Loza's conduct, such as pleading guilty, reflects acceptance of responsibility. But some of Loza's conduct, such as fleeing to Mexico and remaining a fugitive for six months until apprehended, shows a failure to accept responsibility. We give great deference to the district court's finding that Loza did not accept responsibility because his actions in fleeing while on bond outweighed his subsequent guilty pleas. The district court's findings were not clearly erroneous.

Our decision in United States v. Hawley supports our conclusion. In Hawley, we held that the defendant's violation of an appearance bond was

evidence of failure to accept responsibility, and that this evidence is sufficient support for the district court's decision to deny the reduction. 93 F.3d at 689-90. Hawley was arrested and released on bond. He failed to appear at his arraignment, and he was later arrested in Arkansas and returned to Kansas by law enforcement officers. Id. at 685. Hawley then pleaded guilty. At sentencing, the district court added a two-level enhancement for obstruction of justice and concluded that the defendant was not entitled to a downward adjustment for acceptance of responsibility. On appeal, we rejected his argument that the district court erred in denying a reduction for acceptance of responsibility. Similarly, Loza's conduct in fleeing to Mexico is evidence of his failure to accept responsibility, and it was a proper consideration when the district court applied the Sentencing Guidelines to the facts presented here.

Loza cites United States v. Bradford, 423 F.3d 1149 (10th Cir. 2005), but this case is not on point. In Bradford, the district court imposed a two-level enhancement for obstruction of justice because the defendant absconded from supervision after her arrest. The district court also imposed a three-level reduction for acceptance of responsibility. Id. at 1155. The defendant in Bradford does not raise the issue presented here. In Bradford, the defendant raised a Booker issue by arguing that the court erred in imposing an obstruction of justice enhancement because the jury did not find, and the defendant did not admit as a part of her guilty plea, the facts that would support the district court's

conclusion that Bradford had absconded.  <u>Id</u>. at 1160.

We AFFIRM Loza's sentence.

Entered for the Court


Mary Beck Briscoe
Circuit Judge