**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

FERNANDO RIOS-MADRIGAL,

      Defendant-Appellant.

06-4152
(D.C. No. 2:05-CR-00691-DB)
(Utah)

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CESAR  BLANCA-LEON,

      Defendant-Appellant.

06-4165
(D.C. No. 2:05-CR-00691-DB)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**GORSUCH**,  Circuit Judge.[**]

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  These two appeals have been consolidated for the purpose of this opinion.  Each appellant was represented in the district court and on appeal by separate counsel. Separate briefs were filed for each appellant.  After these cases were fully briefed and set for oral argument, the United States Attorney, representing the appellee, filed separate motions to submit the appeals on the briefs. In 06-4165 a response was filed opposing the motion which motion was denied, and oral argument was held on May 11, 2007.

In a one-count indictment filed on September 21, 2005, in the United States District Court for the District of Utah, Cesar Blanca-Leon (Blanca) and Fernando Rios-Madrigal (Rios) were jointly charged with possession of methamphetamine with an intent to distribute in violation of 21 U.S.C. §841(a)(1). A jury convicted both defendants. A Pre-Sentence Report (PSR) set the guideline range for each defendant at 121 to 151 months imprisonment. At sentencing, the district court sentenced each defendant to imprisonment for 121 months to be followed by 48 months of supervised release. Both appeal.

## I. Blanca-Leon

Based on the quantity of drugs involved, the PSR set Blanca's offense level at 32. With a Criminal History Category I, his guideline range was 121 to 151 months imprisonment. At paragraph 55 of the PSR, there was the following statement: "There is no information to suggest that a departure, either upward or downward, is warranted in this case." Blanca did not file any objections to the PSR's recommended guideline range nor did he file any objection to the recommendation that there be no upward or downward departure. However, at sentencing, Blanca's counsel spoke, *inter alia,* as follows: "I would argue, obviously, for the low end hopefully or even less than that." The United States Attorney suggested a sentence of 136 months, the mid-level of

In 06-4152 the motion was unopposed, we granted the motion, and the appeal was submitted on the briefs.

the guideline range.

At sentencing, the district court sentenced Blanca to imprisonment for 121 months, and at that time, also spoke, *inter alia,* as follows: "I'm following the guidelines because I think they are applicable and appropriate under these circumstances." The district court admittedly was somewhat concerned with the fact that Blanca had never admitted any wrongdoing, and that, accordingly, <u>any</u> sentence it imposed would be on a person who claimed he had committed no crime, even though a jury had decided otherwise. In this same regard, the district court then went on to state: "I don't know of anything that would make it appropriate for me to adjust that sentence downward based on the guideline range, <u>because there is a possibility that Mr. Blanca-Leon is innocent</u>." (Emphasis ours).

Blanca argues on appeal that the district court, under the described circumstances, erred in not making a downward departure from the guideline range and thus in not sentencing defendant to less than 121 months imprisonment.[1] We do not believe the issue of a possible downward departure from the guidelines was raised in the district court. A "hope" that the court would so do, which was mentioned by counsel at sentencing, is not enough to preserve the matter for appellate review. There was no offer by counsel of any reason why the district court should make a downward departure. We reject any suggestion that the district court was guilty of "plain error" in not making a downward

---

[1]Neither Blanca nor Rios challenges on appeal the sufficiency of the evidence. We would also note that neither testified at trial.

departure, *sua sponte,* so to speak. There was no plain error that affected defendant's substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano,* 507 U.S. 725, 732 (1993). Blanca also suggests that the district court believed the Guidelines were mandatory rather than advisory. There is nothing in the record to indicate that the district court did not know about *United States v. Booker*, 543 U.S. 220 (2005), some one and a half years after it was decided. The district court stated that it was "following the guidelines because I think they are applicable and appropriate under these circumstances."

Further, based on the present record, it is clear to us that any possible error in the district court was only "harmless" and did "not affect the district court's selection of the sentence imposed." *United States v. Labastida-Sequra,* 396 F.3d 1140, 1143 (10th Cir. 2005). In other words, the present record indicates quite clearly to us, as it apparently did to the district court, that a sentence of 121 months was "reasonable" as required by 18 U.S.C. § 3553(a). *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir. 2006).

## II. Rios-Madrigal

Prior to trial, counsel for Rios filed in the district court a motion asking that the government be required to reveal to counsel the name of a confidential informant (CI), who had assisted the local police in its investigation, and who later testified as a government witness at the trial. The district court ordered the government to do so, and the name of the CI was given counsel by the government. Counsel was also given the CI's cell phone number. The government also advised counsel, and the court, that the CI

had no "stable" home address which it could give counsel. After several unsuccessful attempts to talk with the CI, counsel apparently did talk with the CI a few days before trial. In this regard, trial testimony indicates that Blanca's counsel was able to speak with the CI in early January, 2006. At trial the CI testified as to her current home address.

After Rios was convicted by the jury, counsel filed with the trial court a motion for a new trial. In that motion counsel stated that because he had not been able to contact the CI until a few days prior to trial he was unable "to properly prepare for cross-examination of the confidential informant." There was no mention in the motion for a new trial of any deliberate misstatement by the United States Attorney concerning the CI's address. There was apparently no hearing on Rios' motion for a new trial, which was summarily denied by the district court.

On appeal, counsel in his brief frames the issue to be resolved as follows:

> Whether the Defendant received a fair trial, when the Government did not disclose the location of the confidential informant, <u>when the Government's agents knew the location of the confidential informant</u>; thus the district court erred in denying the Defendant's Motion for a New Trial. (Emphasis ours).

In line therewith, counsel argues in his brief on appeal that the United States Attorney knew the CI's home address when he stated, in response to the motion to reveal the identity of the CI, that the defendant had no "stable home address." There is no such suggestion that we can find in appellant's motion for new trial. Rather in the motion for a new trial the only grounds urged is that counsel had only one contact with the CI prior to

trial and that counsel was under the impression that the CI was homeless. In this regard we would note that counsel made no pre-trial motion to continue the trial because of his inability to question the CI. So far as we can ascertain from the record before us, the matter of misconduct by the United States Attorney was never raised in the district court and is first raised in this Court. It is well settled that matters not raised in a district court will not be entertained by this Court on appeal unless there be "plain error." We find no "plain error" in the instant case. *United States v. Olano*, 507 U.S. at 732.

In his brief counsel does state that he adopts the argument made in this Court by Blanca regarding his sentence. That matter has now resolved adversely to Blanca and, thus, to Rios.

Judgment affirmed.


ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge