**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CESAR BLANCA-LEON,

Defendant-Appellant.

No. 08-4203

(D. of Utah)

(D.C. Nos. 2:08-CV-182-DB and
2:05-CR-691-DB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Cesar Blanca-Leon is a federal prisoner serving a 121-month sentence for possession of methamphetamine with an intent to distribute, a violation of 21 U.S.C. § 841(a)(1). We affirmed his conviction and sentence on direct appeal in *United States v. Blanca-Leon*, 249 F. App'x 705 (10th Cir. 2007). Proceeding pro se,[1] Blanca-Leon now seeks a certificate of appealability (COA) to challenge the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Blanca-Leon proceeds pro se, we construe his pleadings

(continued...)

district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied all of Blanca-Leon's claims.

We agree Blanca-Leon is not entitled to relief under § 2255 and therefore DENY his request for a COA.

## I. Background

The parties are familiar with the facts and we need not repeat them in full. In 2006, Blanca-Leon, along with a co-defendant, was convicted in federal court for possession of methamphetamine with an intent to distribute and sentenced to 121 months' imprisonment. After we affirmed his conviction and sentence on direct appeal, he filed a § 2255 motion to vacate the sentence and conviction in federal district court.

In his district court filings, Blanca-Leon alleged a litany of errors: that (1) his plea was involuntary,[2] (2) his arrest was unlawful, (3) the prosecution withheld exculpatory evidence, (4) evidence was seized pursuant to an unlawful

---

[1](...continued)
liberally. *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994).

[2] Blanca-Leon was convicted by a jury. *Blanca-Leon*, 249 F. App'x at 707. Confusingly, as support for his contention that his supposed plea was involuntary, Blanca-Leon argues the district court erred in failing to disclose the identity of the confidential informant involved in his arrest and conviction. The identity of the confidential informant, however, *was* disclosed prior to Blanca-Leon's trial pursuant to the trial court's order.

search and seizure, (5) his confession was coerced,[3] (6) his conviction was in violation of his double jeopardy rights, (7) his conviction was obtained in violation of his privilege against self-incrimination, and finally, (8) ineffective assistance of counsel.

The district court denied the motion, finding his contentions were procedurally barred for failure to assert them on direct appeal and he had failed to overcome the presumption of effective assistance of counsel. In particular, the district court noted that "Blanca-Leon's claim of ineffective assistance of counsel consists of a single line, with no facts or arguments to support it." R., Vol. I, Doc. 4 at 3. Blanca-Leon now seeks a COA from this court on substantially similar grounds.

## II. Discussion

Before a district court's denial of a motion for relief pursuant to § 2255 may be appealed, either the district court or this court must issue a COA. 28 U.S.C. § 2255(c)(1)(B). To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In order to satisfy this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

---

[3] Despite this claim, it does not appear Blanca-Leon confessed to any crime, and no evidence of such confession was ever introduced in his trial.

-3-

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In reviewing a denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

In his request for a COA, Blanca-Leon contends the district court erred by failing to hold an evidentiary hearing on his ineffectiveness claim, and for the first time, argues the prosecution at his trial effected an impermissible constructive amendment of the indictment.[4] With minor exceptions not applicable here, we generally do not address arguments presented for the first time on appeal. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002); *Oyler v. Allenbrand*, 23 F.3d 292, 299 n.8 (10th Cir. 1994). Consequently, because Blanca-Leon failed to raise these contentions in his § 2255 motion before the district court, we decline to address them in this appeal.

We also conclude Blanca-Leon has failed to demonstrate ineffective assistance of either his trial or appellate counsel. When a petitioner claims ineffective assistance of counsel, it is a mixed question of law and fact which we review de novo. *Orange*, 447 F.3d at 796. To prevail on an ineffective assistance of counsel claim, the petitioner must show his attorney's performance was

---

[4] His arguments, however, again return to allegations the prosecution withheld exculpatory evidence and do not address *how* the indictment was impermissibly amended at trial.

deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A claim of ineffective assistance of counsel "may be resolved on either performance or prejudice grounds alone." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000). Conclusory assertions are insufficient to establish ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

In both his filings below and here, Blanca-Leon's allegations of ineffective assistance of counsel consist of conclusory assertions that are not entirely clear from his briefs or the record. As we construe his pleadings, he argues his guilty plea was either coerced, based on unlawfully obtained evidence and misconduct by the police, or the result of a constructive amendment to the indictment. But as the record makes clear, he was convicted by a jury after trial and nothing suggests his counsel failed to raise meritorious defenses below. For substantially the same reasons as the district court, we conclude that Blanca-Leon failed to establish deficient performance by counsel or any prejudice as a result of counsel's performance at trial or on appeal.

## III. Conclusion

For the foregoing reasons, Blanca-Leon has not made a substantial showing of the denial of a constitutional right and we DENY his request for a COA and

DISMISS this appeal.  We further DENY Blanca-Leon's motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge